### *Culleton & Marinaccio, Esqs.*
**Attorneys At Law**
**245 MAIN STREET, SUITE 410**
**WHITE PLAINS, NY 10601**

|  |  |  |
|---|---|---|
|  |  | NEW JERSEY OFFICE |
| **JAMES J. CULLETON** | Telephone: 914-761-0707 | 560 SYLVAN AVENUE |
| **MICHAEL A. MARINACCIO** | Telephone: 718-518-0418 | ENGLEWOOD CLIFFS, NJ  07631 |
|  | Facsimile: 914-761-0795 |  |
|  | CM245LAW@AOL.COM | 201-894-1447 |

March 3, 2011

**Via ECF & By Hand**

Hon. Sandra L. Townes
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                         Re:    <u>United States of America v. Robin Oakes</u>
                                Docket No.: 08 Cr 916 (SLT)

Dear Judge Townes:

      As the Court is aware, I represent Robin Oakes in connection with the above referenced matter. Ms. Oakes is scheduled to be sentenced by Your Honor pursuant to her plea of guilty before the Honorable Victor V. Pohorelsky to a lesser included offense within Count Three of the above referenced indictment. The plea was entered on July 22, 2010 at which time the defendant acknowledged that she along with others knowingly and intentionally conspired to import marijuana into the United States from Canada in violation of 21 USC § 960(a)(1) and 960(b)(3). Ms. Oakes entered the plea pursuant to a plea agreement with the government in which it was stipulated that the base offense level was 26 based upon a stipulated quantity of at least 100 kilograms of

1

marijuana. (U.S.S. G. § 2D1.1(c)(7) The parties also stipulated that the defendant would be entitled to an adjustment for minor role pursuant to U.S.S.G. § 3B1.2(b) and a 3 point reduction for acceptance of responsibility (U.S.S.G. § 3E1.1(a) and (b). Finally, the parties stipulated that the defendant would be entitled to an additional 1 point reduction in the base offense level for a global disposition pursuant to U.S.S.G. § 5K2.0. The resultant adjusted offense level is, therefore, 20 and given the defendant's criminal history category of I, this level carries a range of imprisonment of from 33 to 41 months. The Probation Department in its Pre-Sentence Report (PSR) adopts this guidelines calculation (PSR par. 43-51 and par. 119).

Subsequent to the defendant's plea and interview by the Probation Department, Ms. Oakes participated in a safety valve proffer session with the government pursuant to U.S.S.G.§ 2D1.1(b)(11) and 5C1.2(a). Following the proffer session, the government agreed that the defendant is entitled to a further 2 point reduction in her offense level. This brings her adjusted offense level to 18 and guidelines range to 27 to 33 months.

The defendant was released on $100,000.00 cash bond on October 9, 2009. She was incarcerated from the date of arrest on March 10, 2009 until her release on bail. [1]

---

[1] The Probation Report mistakenly indicates in paragraph 74 that the defendant was released on September 25, 2009. In fact, it was on September 25, 2009 that the Court set the current bail conditions. However, those conditions were not met and the defendant was not released until October 9, 2009.

The Probation Report makes reference in paragraphs 2 and 106 that the plea agreement and paragraph 50 of the superseding indictment provide that the defendant is subject to forfeit numerous items of property. However, the defendant has never had any ownership interest in any of the property listed.

As detailed in the PSR beginning in paragraph 62, Ms. Oakes, who was conceived during the rape of her mother by her father, was raised in conditions of poverty and in an abusive household. It was not until she was six (6) years old that she even became aware that the woman she believed to be her aunt was in fact her birth mother. It was not until she was sixteen (16) years old that she first met her father. Ms. Oakes was also witness to the physical abuse suffered by her mother at the hands of her step-father, Richard Cook, (PSR par. 66) who also verbally and mentally abused her. Because she was raised in such an abusive atmosphere, Ms. Oakes sought mental health treatment.

Ms. Oakes as an adult was involved in a consensual relationship with Arnold Mason who is the father of her three (3) children (PSR par. 69). [2] This relationship proved to be an abusive one as well as detailed in paragraphs 69 – 70 of PSR. In fact, the tape recordings of conversations between Arnold Mason and Ms. Oakes captured by the government during the course of this investigation vividly demonstrate the abusive nature of their relationship. Indeed, it was only because of Mr. Mason that Ms. Oakes became involved in the instant offenses as a courier transporting marijuana into the United States.

---

[2] Mr. Mason, who has also been indicted in this matter, remains a fugitive.

Despite Ms. Oakes difficult upbringing and relationship with the father of her children, she is reportedly a caring mother who has a close relationship with her children. (PSR par. 62, 63 and 71)  In addition, Ms. Oakes currently takes care of her father who suffers from Parkinson's Disease and prostate cancer (PSR par. 62).  Ms. Oakes also takes care of her grandchild, Easton, who is the son of her daughter, Shyla.  Attached are letters from Jean Square, Case Supervisor of the Intensive Preventive Program attesting to the efforts Ms. Oakes has taken to maintain close family relationships and from her daughter, Shyla, reflecting that Ms. Oakes is a good and caring mother.

Ms. Oakes has also sought help from the St. Regis Mohawk Tribe Health Services for her substance abuse and dependence as reflected in the attached letter from Carol R. Whalen and Connie Thompson and remains open for drug and alcohol treatment. (PSR par. 79)  Ms. Oakes also suffers from epilepsy.

The Probation Department has observed that both Ms. Oakes' physical condition and her background as an abused child and adult are factors the Court may consider in sentencing.  (PSR par. 122 and 123)

I have represented Ms. Oakes since April of 2009 and during that time have noted that she is truly sorry for her involvement in the instant offense and accepts full responsibility for it.  Despite her difficult economic circumstances, she has taken on the burden of caring for her elderly and infirm father as well as her grandchild and has made great strides in keeping her family together.  It is respectfully submitted that taking into account the sentencing factors outlined in 18 USC § 3553(a), no real purpose

would be served by requiring Ms. Oakes to serve any additional time in prison. It is therefore respectfully requested that this Court sentence Ms. Oakes to time already served and a period of probation including the requirement of drug and alcohol treatment.

Should this Court, however, sentence Ms. Oakes to a term of incarceration, it is requested that she be allowed to self surrender and that the Court recommend she be designated to a facility close to her home.

Thank you for your attention to this matter.

Very truly yours,

Michael A. Marinaccio, Esq.

MAM/jm
Att.

cc:   AUSA Amir Toossi
      AUSA Steven Tiscione
      Via ECF and Facsimile
      718-254-6076

      Probation Officer Jill A. Polish
      Via Facsimile
      347-534-3870

MAM/Oakes/TownesLtr030211