UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

UNITED STATES OF AMERICA,

08 CR 916 (S-5) -28 (SLT)

-v-

NICHOLAS SUNDAY,

        Defendant.

------------------------------------------------------------X

## DEFENDANT NICHOLAS SUNDAY'S SENTENCING MEMORANDUM

Richard H. Rosenberg
Attorney for Nicholas Sunday
217 Broadway----Suite 707
New York, New York  10007
212-586-3838

*Introduction*

Defendant Nicholas Sunday is scheduled to be sentenced on April 29, 2011 following his conviction by guilty plea to a lesser included offense to count four of a superceding indictment charging him with participation in a wide ranging conspiracy to distribute marijuana in violation of 21 U.S.C..§ 846.

The defendant was arrested on these charges on March 19, 2009. He was incarcerated until October 8, 2009 when he was released on a secured appearance bond.

While the sentencing guidelines are now advisory post United States v. Booker, 125 S. Ct. 738 (2005) and are but one of five factors to be considered in determining a sentence, district courts are nevertheless directed to determine the applicable guidelines range and consider it along with all the factors listed in 18 U.S.C. § 3553 (a). United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). Accordingly, the first part of this memorandum will address the guideline issues raised in the pre-sentence report, as well as objections, comments and corrections to the report.

*Comments and Objections to the Pre-Sentence Report*

¶¶: 51, 112: As noted in the PSR at ¶ 112, the parties' plea agreement provided for the possibility of a one or two level downward departure from the advisory guideline range for a global plea. It is anticipated that the government will agree to a two level reduction based upon the number of guilty pleas entered and pursuant to the agreement entered into by the parties at the time of the

2

plea. Accordingly, defendant Sunday's total offense level would be reduced from the level 19 in the PSR to a level 17. With a criminal history category I, Mr. Sunday's advisory guideline range would be 24 - 30 months. We respectfully ask the court to apply the global plea reduction anticipated by the parties.

*The Guideline Sentence Range*

Both the plea agreement entered into between the parties and the Pre-sentence Report (¶ 45 ) calculate the defendant's guidelines based upon application of the safety valve pursuant to U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553 (f). Should the court grant the safety valve, and we urge the court to do so, no mandatory minimum sentence would apply in this case.

Additionally, both the plea agreement and the PSR (¶ 47 ) afford Defendant Sunday with a two level minor role adjustment pursuant to U.S.S.G §3B1.2 (b ). Again, we respectfully ask the court to grant the minor role adjustment contemplated by the parties and Probation.

At a total offense level is 17 and a criminal history category I the defendant's advisory sentence range is 24-30 months. Mr. Sunday spent 7 months incarcerated before being released on bail. For the reasons that follow in this submission, it is respectfully submitted that the ends of justice and the sentencing goals of 18 U.S.C. § 3553 (a) can be satisfied with the imposition of a term of supervised release and/or home detention or probation without the need for further incarceration..

*Post-Booker Sentencing Considerations*

As this court is well aware, while the sentencing guidelines provide a sentencing court with a "starting point and the initial benchmark", Gall v. United States, 128 S. Ct. 586 (2007), a sentencing court must now consider all of the 18 U.S.C. § 3553 (a) factors, not just the

guidelines, in determining a sentence that is minimally sufficient to meet the goals of sentencing set forth in 18 U.S.C. § 3553 (a) (2): justice, deterrence, incapacitation and rehabilitation. United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).

The requirement that a court impose a "sufficient, but not greater than necessary" sentence to achieve those goals sets a limit on the sentence that a court may impose. Further, in determining whether and to what extent imprisonment is appropriate based on § 3553 (a) factors, the court is required to "recogniz[e] that imprisonment is not an appropriate means of promoting correction and rehabilitation." 18 U.S.C. § 3582 (a).

An examination of the defendant's peripheral and minor role in the charged conspiracy along with the factors delineated in § 3553(a) suggests that a non-guideline sentence in this case is sufficient to meet the sentencing goals of the statute.

*The Defendant's Background, Character and Circumstances of the Offense*

Under 18 U.S.C.§ 3661, "no limitation shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing and appropriate sentence."

Nicholas Sunday comes before this court with no prior criminal record. In view of his solid employment background and minor role in this conspiracy it is respectfully submitted that he can be considered for a non-guideline sentence.

As noted in the PSR and in more detail at his safety valve proffer, Nicholas Sunday was not the typical member of the conspiracy the government alleged was headed up by David Sunday, his older brother, and Randolph Square. The months of wire tap evidence in this case bear that out. Nicholas Sunday was not a regular trafficker for the charged conspiracy. What

4

he did do, at his brother's request, was to assist, on occasion, to retrieve and store marijuana as well as to collect marijuana proceeds for his brother. But, as the PSR points out "there is no information to suggest that Nicholas Sunday had any proprietary interest in the marijuana...." (PSR ¶ 10 ) Indeed, Mr. Sunday had no ownership interest in these drugs and no financial interest in their distribution.[1]

Nicholas Sunday , a native American of the Mohawk Tribe, is 33 years of age and has resided on the Akwesasne reservation his entire life. He is the youngest of 4 siblings with a sister and two brothers. Brother David is 7 years his senior and moved away from home when Nicholas was 15 years old and still in high school. His father was an iron worker who passed away approximately nine years ago. His mother suffers from heart disease and schizophrenia. David Sunday, who lives next door, looks after her dutifully.

Nicholas Sunday was always known on the reservation as a hard working and level headed young man. After graduating high school he worked at reservation gas stations for some years before finding work at the reservation casino..He started there as a bartender and worked himself up to slot manager by the time he left their employ after four years. His reason for leaving was rooted in desiring a more regular work schedule in order to spend time with his long time mate and current wife, Babette, and to attend to the needs of their growing family. Today, they are devoted parents to four children, three from their union and one from Babette's prior relationship. As the annexed letters point out, Mr. Sunday is a devoted and involved parent and known to be a "good", "well liked" and "considerate" man.

---

[1] During his safety valve proffer, the defendant candidly admitted to engaging in his own marijuana distribution, having nothing to do with this conspiracy.

After leaving the casino the defendant was involved in his own construction business and in fact, built his own home. After the arrest and incarceration in this case, Mr. Sunday took seasonal work as a forestry laborer for the Reservation. Since October 2010, Mr. Sunday has been employed full time at a cigarette factory in Hogansburg.

A marijuana user for many years, Mr. Sunday has been totally compliant with his conditions of release. As of the date of the PSR, November 19, 2010, Mr. Sunday had been drug tested 15 times with negative results each time. We have no reason to believe that his perfect record of compliance and abstinence has not continued to date.

The character letters annexed to this submission speak of the defendant's dependability and dedication as a parent and family man. The letters also speak of his good and kind nature. The defendant has demonstrated by his full compliance with pre-trial release, steady and full employment, responsibility to family obligations, sobriety and obvious efforts to evolve as a healthier and better person, the beginning of a successful rehabilitation.

We respectfully urge the court to consider a time served sentence for Mr. Sunday with a period of supervised release in order to allow the life change momentum to carry forward. We are confident that the trust this sentence would entail will be rewarded with continued individual growth and positive contributions to society. In the unlikely event Mr. Sunday fails in that trust bestowed upon him, this Court would maintain significant punishment options.

It is respectfully submitted that Mr. Sunday's commitment to hard work, family values, and law abidance reflect a repentant and decent nature that will continue to endure, making such an option unnecessary.

*Conclusion:*

It is respectfully urged that in determining a sentence that is both reasonable and sufficient to achieve the goals of sentencing that the court consider the aforementioned background and character of the defendant and his rehabilitative efforts as a basis for imposing a non- guideline sentence.

Thank you for Your Honor's attention and consideration to this submission.

Respectfully submitted,

Richard H. Rosenberg

cc.: Steven Tiscione, Esq., AUSA
  Jaimi Turton, U.S. Probation